Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Dorota A. James (State Bar No. 309933)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com
dorota@ferrarovega.com

*Attorneys for Plaintiff Delainya Bell*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>vs.<br><br>DEVRY UNIVERSITY, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-00595-RSH-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND (28 U.S.C. § 1447)**<br><br><u>**Motion to Remand**</u><br>Date: May 19, 2025<br>Judge: Hon. Robert S. Huie<br>Courtroom: 3B<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... - 1 -

II. BACKGROUND ............................................................................................ - 2 -

III. LEGAL STANDARD .................................................................................... - 2 -

IV. ARGUMENT ................................................................................................. - 3 -

   A. Defendant's inclusion of $75,000 to the named plaintiff's individual attorneys' fees violates Ninth Circuit precedent. ....................................... - 3 -

   B. Plaintiff's pro rata share of attorneys' fees at issue is well below $75,000. ............................................................................................................ - 5 -

   C. Plaintiff's realistic pro rata share of attorneys' fees based on Defendant's NOR assertions is about $353. ................................................. - 6 -

   D. Accepting Defendant's $75,000 toward Plaintiff's individual attorneys' fees results in absurd conclusions. ........................................... - 7 -

   E. Defendant's declaration fails to reasonably support the fee request. ........................................................................................................... - 8 -

   F. Defendant miscalculated the penalties owed to Plaintiff. .......... - 8 -

   G. Under the anti-aggregation principles, the total PAGA penalties may be reduced by 65% (because 65% of those damages belong to the LWDA). - 10 -

V. CONCLUSION ............................................................................................ - 12 -

# TABLE OF AUTHORITIES

**Cases**

*Abrego v. Dow Chem. Co.*
  443 F.3d 676 (9th Cir. 2006) ................................................................................ - 2 -

*Arias v. Superior Court*
  46 Cal.4th 969 (2009) .......................................................................................... - 9 -

*Barajas v. CPC Logistics Solutions, LLC*
  2022 WL 4397723 (N.D. Cal. Sept. 23, 2022) .................................................... - 9 -

*Butt v. 9W Halo Western OPCO, LP*
  2023 WL 196472, (E.D. Cal. Jan. 13, 2023) ....................................................... - 5 -

*Caballero v. Fidelitone Last Mile, Inc*.
  2020 WL 7350214, (N.D. Cal. Dec. 15, 2020).................................................... - 5 -

*Canela v. Costco Wholesale Corporation*
  971 F.3d 845 [9th Cir. 2020] ..........................................................- 1 -, - 4 -, - 6 -

*Cf. Mutchler v. Circle K Stores, Inc.*
  No. 20-CV- 1239-GPC (BGS) 2020 WL 5511985 (S.D. Cal. Sept. 14, 2020)..... - 5 -

*Chavez v. JPMorgan Chase & Co.*
  888 F.3d 413 [9th Cir. 2018] ............................................................................... - 5 -

*Coffin v. Magellan HRSC, Inc.*
  2020 WL 773255, 19-CV-2047-BAS-NLS (S.D. Cal., Feb. 18, 2020) ................ - 2 -

*Fritsch v. Swift Transportation Co.*
  899 F.3d 785 (9th Cir. 2018) ............................................................................... - 8 -

*Gaus v. Miles, Inc.*
  980 F.2d 564 [9th Cir. 1992] ..................................................................... - 2 -, - 3 -

*Gibson v. Chrysler Corp.*
  281 F. 3d 927 [9th Cir. 2001] .................................................................... - 1 -, - 4 -

*Guerrero v. NWestco, LLC*

   2022 WL 16961124 (E.D. Cal. Nov. 16, 2022)............................................. - 1 -, - 5 -

*Higginbotham v. South East Employee Leasing Services, Inc.*

   2020 WL 5535421 (E.D. Cal. Sept. 15, 2020) ............................................. - 1 -, - 6 -

*Kanter v. Warner-Lambert Co.*

   265 F. 3d 853 [9th Cir. 2001] ........................................................................... - 1 -

*Kokkonen v. Guardian Life Ins. Co. of Am.*

   511 U.S. 375 [1994]) ........................................................................................ - 2 -

*Robles v. Roller Bearing Co. of Am.*

   2021 WL 4261517 (E.D. Cal. Sept. 20, 2021) ....................................- 1 -, - 4 -, - 6 -

*Stokes v. SkyFineUSA, LLC*

   2023 WL 2889825 (E.D. Cal. Apr. 11, 2023) ....................................- 1 -, - 5 -, - 7 -

*Sygenta Crop Prot. v. Henson*

   537 U.S. 28, 32 (2002)..................................................................................... - 2 -

*Urbino v. Orkin Servs. of Calif.*

   726 F.3d 1118 (9th Cir. 2013) .......................................................................... - 1 -

*Westcott Enterprises, Inc. v. Federated Mutual Insurance Co.*

   Case No.: 20-cv-7-LAB (BGS), 2020 WL 5232519 (S.D. Cal. Sept. 2, 2020) .... - 3 -

## I. INTRODUCTION

Plaintiff Delainya Bell brings this Motion to Remand under 28 U.S.C. § 1447(c) because Defendant DeVry University, Inc. failed to establish that the amount in controversy exceeds the requisite $75,000 minimum for diversity jurisdiction. In particular, Defendant incorrectly attributes "$75,000+" in attorneys' fees for Plaintiff's individual claims *alone*, without regard for Ninth Circuit precedent that requires a *pro rata* distribution of fees to the group of employees at issue in this PAGA representative action, based on the *total* amount in controversy: "any potential attorneys' fees award is not automatically attributed solely to the named plaintiff for purposes of calculating the amount in controversy." *Robles v. Roller Bearing Co. of Am.*, 2021 WL 4261517, at *5-6 (E.D. Cal. Sept. 20, 2021) (citing *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 858 [9th Cir. 2001]; *Gibson v. Chrysler Corp.*, 281 F. 3d 927 [9th Cir. 2001]; and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 [9th Cir. 2020]); *see also Stokes v. SkyFineUSA, LLC*, 2023 WL 2889825, at *3 (E.D. Cal. Apr. 11, 2023); *see also Urbino v. Orkin Servs. of Calif.*, 726 F.3d 1118 (9th Cir. 2013) (applying anti-aggregation principles).

Defendant's proposed method of allocating attorneys' fees to the named plaintiff alone is a tactic recently referred to by one district court as "frivolous in light of on-point, controlling authority[.]" *See Higginbotham v. South East Employee Leasing Services, Inc.*, 2020 WL 5535421 (E.D. Cal. Sept. 15, 2020); *Guerrero v. NWestco, LLC*, 2022 WL 16961124 (E.D. Cal. Nov. 16, 2022). ("that is not the approach required by the Ninth Circuit. … plaintiff's pro rata share of the class-wide attorneys' fees should be used in calculating the amount in controversy.") Moreover, Defendant miscalculated the number of Plaintiff's pay periods she worked during the relevant PAGA Period and, subsequently, the penalties owed to Plaintiff. And, with respect to the penalties at issue, Defendant's Notice of Removal also fails to abide by the Ninth Circuit's anti-aggregation rule with respect to the 65% (formerly 75%) of PAGA penalties payable not to the named plaintiff, but rather to the LWDA.

Plaintiff, therefore, asks the Court to remand this case to state court.

## II.    BACKGROUND

On January 23, 2025, Plaintiff filed a PAGA action lawsuit on behalf of other aggrieved employees in San Diego Superior Court for wage and hour violations under California law. ECF No. 1-4, Ex. A.)

On March 13, 2025, Defendant filed a Notice of Removal, claiming traditional diversity jurisdiction due to (a) diversity of citizenship (NOR, ¶¶ 5-12) and (b) the amount in controversy exceeding $75,000 ($21,706 in individual damages for the named plaintiff plus $75,000 in attorneys' fees for Plaintiff's individual claims alone) (NOR, ¶ 31.)

Prior to filing this motion, Plaintiff met the meet and confer requirements and provided Defendant with the authorities addressed in this motion, but the parties did not come to an agreement.  Declaration of Dorota A. James filed concurrently with the Motion ("James Decl.") ¶ 2.

## III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Coffin v. Magellan HRSC, Inc.*, 2020 WL 773255, 19-CV-2047-BAS-NLS (S.D. Cal., Feb. 18, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 [1994]).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Coffin*, 2020 WL 773255, at *1 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 [9th Cir. 1992]); *Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand." *Westcott Enterprises, Inc. v.*

*Federated Mutual Insurance Co.*, Case No.: 20-cv-7-LAB (BGS), 2020 WL 5232519, at *1 (S.D. Cal. Sept. 2, 2020) (Burns, J.) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (emphasis added).

"A motion to remand is the proper procedure for challenging removal." *Coffin*, 2020 WL 773255, at *2; (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) [citing 28 U.S.C. § 1447(c)]). Removal turns on whether the case could have originally been filed in federal court. *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Important here, "[t]he amount in controversy is determined by the complaint operative at the time of removal and <u>encompasses all relief a court may grant on that complaint</u> if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 414-15 (emphasis added).

## IV. LEGAL ARGUMENT

Based on Defendant's improper attribution of the attorneys' fees to the named plaintiff alone (and failure to account for the Ninth Circuit's aggregation principles for addressing the amount in controversy for attorneys' fees), the attribution of the LWDA's penalties exclusively to the named plaintiff, and the improper calculation of other damages, the matter in controversy does not "exceed the sum or value of $75,000" under 28 U.S.C. § 1332(a) and the case must be remanded under 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction.

### A. Defendant's inclusion of $75,000 to the named plaintiff's individual attorneys' fees violates Ninth Circuit precedent.

The Notice of Removal asks the Court to look exclusively at the named plaintiff's <u>individual</u> attorneys' fees, accept that amount is $75,000, and hold that the $75,000 jurisdictional threshold is thus satisfied. (NOR, ¶¶ 27-31.)

Under Ninth Circuit precedent, however, it would be a mistake to adopt Defendant's proposal of adding $75,000 for Plaintiff's *individual* attorneys' fees: "any potential attorneys' fees award is not automatically attributed solely to the named plaintiff for purposes of calculating the amount in controversy." *Robles v. Roller Bearing Co. of Am.*, 2021 WL 4261517, at *5-6 (E.D. Cal. Sept. 20, 2021) (citing *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 858 [9th Cir. 2001]; *Gibson v. Chrysler Corp.*, 281 F. 3d 927 [9th Cir. 2001]; and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 [9th Cir. 2020]).

The summons and complaint's case caption make known this suit was filed by "DELAINYA BELL, on behalf of others similarly situated and the state of California under the Private Attorneys General Act." (ECF No.1-4.) Paragraph 12 of the PAGA Action Complaint states Plaintiff brings this action individually and on behalf of:

> "The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action. (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."]) To the extent permitted by law, including pursuant *Balderas v. Fresh Start Harvesting, Inc.*, Court of Appeals Case No. B326759 (2nd App. Dist.) ____ Cal. App. 5th _____ (Mar. 20, 2024, *as modified* Apr. 18, 2024), the PAGA claim is brought exclusively as a representative action and does not include arbitrable claims."

(ECF No.1-4, Ex. A [PAGA Action Compl.])

Plaintiff directs the Court's attention to the thorough, well-reasoned, and correctly decided opinion in *Robles*, 2021 WL 4261517, at *5-8. Relying upon Ninth Circuit precedent in *Gibson v. Chrysler Corporation.*, 261 F.3d 927, 941 (9th Cir. 2001) and *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 (9th Cir. 2020), the Court held "any attorneys' fees awarded [must] be divided among all members of a class when calculating the amount in controversy." *Id.* at p. *6.

This is the correct approach that is taken by district courts in class and PAGA actions throughout the state when faced with a situation where a defendant removes a class or representative action and then elects to unduly attribute the class or representative damages and/or attorneys' fees exclusively to the named plaintiff's individual amount in controversy (or, as is the case here, simply disregard the actual "amount in controversy" and the plaintiff's pro rata share of the attorneys' fees). *See, e.g., Stokes v. SkyfineUSA, LLC*, 2023 WL 2889825, (E.D. Cal. Apr. 11, 2023); *Butt v. 9W Halo Western OPCO, LP*, 2023 WL 196472, (E.D. Cal. Jan. 13, 2023) ("Only plaintiff's pro rata share of attorneys' fees is appropriately considered"); *Guerrero v. NWestCo, LLC*, 2022 WL 16961124, (E.D. Cal. Nov. 15, 2022) ("[T]he parties' briefing assumes that attorneys' fees should be calculated as if the action were to proceed as to a single plaintiff… However, that is not the approach required by the Ninth Circuit. Rather, plaintiff's pro rata share of the class-wide attorneys' fees should be used in calculating the amount in controversy."); *Caballero v. Fidelitone Last Mile, Inc.*, 2020 WL 7350214, (N.D. Cal. Dec. 15, 2020) ("[Defendant's] calculation of attorney's fees fails to account for the fact that, for purposes of determining the amount in controversy in class action cases, attorney's fees must be calculated on a pro-rata basis.")

**B.      Plaintiff's pro rata share of attorneys' fees at issue is well below $75,000.**

Defendant's suggested manner of calculating attorneys' fees—applying $75,000 for the named plaintiff's claims alone—fails to account for the "amount in controversy" legal standard that controls the Court's ultimate determination at this juncture.

What Defendant did in its Removal was ignore the representative nature of the action, disregard the other aggrieved employees at issue, and pretend this is an individual action by the named plaintiff alone, such that the Court need not look at the "amount in controversy," but instead look at this case as though it were a purely individual action, which it is not. *Cf. Mutchler v. Circle K Stores, Inc.*, No. 20-CV-1239-GPC (BGS), 2020 WL 5511985 (S.D. Cal. Sept. 14, 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 [9th Cir. 2018]) ("In determining the

amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. [citation] 'The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.'").

Accordingly, under the authorities, Defendant's $75,000 in claimed fees is unsupported. *See Robles*, 2021 WL 4261517, at *8-9 ("Defendant's calculation of [$75,000] in attorneys' fees must [instead] be spread among the class"); *Higginbotham,* No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020) ("attorneys' fees are reduced to the pro-rata share attributable to the named plaintiffs") (citing *Canela*).

### C. Plaintiff's realistic pro rata share of attorneys' fees based on Defendant's NOR assertions is about $353.

The Court must assess Plaintiff's pro rata share of attorneys' fees by looking at a reasonable estimate of the fees for the case as it is plead (not a subset of it), then dividing those fees by the total number of class members allegedly covered in this PAGA action. Defendant's NOR does not provide the number of employees, but simply concludes Plaintiff's individual share is $75,000.

Defendant's Removal and supporting papers do not state what is needed to complete the proper analysis, despite maintaining these records (i.e., [i] the total number of non-exempt employees during the class period who are allegedly covered in this action; and [ii] Defendant's reasonable estimate of attorneys' fees for the case as a whole).

However, based on Declaration of Gaurav Khurana in Support of Defendant's Opposition to Plaintiff's Motion to Remand filed in the related class action, Case No. 3:24-CV-02464-RSH-BLM (ECF No. 13-4), Defendant employed a total of 342 during the relevant Class Period while 130 employees were separated during that time. See Exhibit A to Plaintiff's Request for Judicial Notice. Therefore, it is reasonable to assume that there are about 212 employees at issue who worked during the relevant PAGA Period starting November 18, 2023 through present. Dividing the $75,000

identified by Defendant as the attorneys' fees at issue by 212 employees reduces Plaintiff's share of those fees to **$353.77** (i.e., $75K in fees/212 employees).

### D. Accepting Defendant's $75,000 toward Plaintiff's individual attorneys' fees results in absurd conclusions.

"To satisfy the [$75,000 traditional diversity] amount in controversy requirement, defendant must establish that plaintiff's pro rata share of the attorneys' fees is likely to exceed [$11,651.44, the amount Defendant needs to get over the threshold]." *Stokes v. SkyFineUSA, LLC*, 2023 WL 2889825, at *3 (E.D. Cal. Apr. 11, 2023). The *Stokes* court describes how the math is done, which illustrates the <u>absurdity</u> of the individual $75,000 fee amount Defendant asks the Court to accept:

> [F]or purposes of this inquiry, the court conservatively assumes that there are 1,000 putative class members and allocates the attorneys' fees equally between them. Based on these assumptions, plaintiff's counsel would need to be awarded more than $69,600,000 as a "reasonable" attorneys' fee award. *See Buchanan v. Aramark Campus, LLC*, No. 19-cv-00384 VKD, 2019 WL 3302164, at *7 (N.D. Cal. July 23, 2019) (applying similar calculation in determining total requisite attorneys' fees based on plaintiff's pro rata share). Defendant has provided no reason to believe that attorneys' fees in this action would reach such an absurdly high amount.
>
> This $69,600,000 figure results from $69,600 in attorneys' fees multiplied by 1,000 putative class members.
>
> Even if the court were to consider attorneys' fees as if the action were to proceed with a single plaintiff, defendant has not provided any evidence to establish that attorneys' fees would reach $69,600 for a case involving damages stemming from $5,400 in allegedly overcharged fees.

Here, Defendant's $75,000 in attorneys' fees *attributed to the named plaintiff alone* to be accurate would mean the total amount of attorneys' fees at issue would be <u>**$15,900,000**</u> in attorneys' fees ($75,000 * 212 employees) - an absurd amount that is unsupported by evidence.

### E. Defendant's declaration fails to reasonably support the fee request.

Even if the Court were to look past the Ninth Circuit standard applicable to attorneys' fees in class and representative actions within the context of removals, Defendant fails to prove the $75,000 amount by a preponderance of evidence, as required under *Fritsch v. Swift Transportation Co.*, 899 F.3d 785, 796 (9th Cir. 2018).

Even under an alternative method of assessing attorneys' fees, discussed in *Fritsch*, whereby in common fund cases the Court may consider the Ninth Circuit's 25% benchmark of the total prospective recovery as attorneys' fees (so long as the notice provides supporting evidence), adding 25% for attorneys' fees to the total amount of damages as Defendant argues still fails to meet the $75,000 threshold.

### F. Defendant miscalculated the penalties owed to Plaintiff.

Defendant bases its calculations of penalties owed to Plaintiff on the false premise that she (1) worked **22 pay periods** during the relevant PAGA Period from November 18, 2023 through the present and (2) was underpaid every pay period. ECF No. 1, ¶ 22-25, 27 (b), (d). Indeed, Plaintiff's employment with Defendant ended on August 28, 2024 and, accordingly, included only **19 pay periods starting November 18, 2023.** Thus, the total amount for controversy for the penalties for:

    i.   Unpaid minimum, overtime, and sick pay days, even assuming 100%, would amount to $1,900 each (**total of $5,700**) instead of $2,200 (total of **$6,600**) as represented by Defendant. ECF No. 1, ¶ 21-25, 31.

    ii.   Inaccurate wage statement, assuming 100%, amounts to **$1,850** instead of **$2,150** as represented by Defendant. ECF No. 1, ¶ 27b.

    iii.   Failure to reimburse for employment related expenses $**1,900** instead of **$2,200** as represented by Defendant. ECF No. 1, ¶ 25.

    iv.   Failure to timely pay wages during employment, again assuming 100%, would amount to **$1,900** each instead of **$4,300** as represented by Defendant. ECF No. 1, ¶ 27 (d). Notably, when calculating damages for failure to timely pay wages during employment, Defendant applies "$200 penalties for 21

subsequent violations." ECF No. 1, ¶ 27 (d). Pursuant to L.C. 2699(f)(2)(B) $200 "subsequent violation" penalty may be only awarded in two circumstances: (1) if there has been a finding or determination by the LWDA or a court within the five years prior to the alleged violation that the employer had an unlawful policy or practice giving rise to the alleged violation; or (2) a court determines the employer's conduct giving rise to the violation was malicious, fraudulent, or oppressive. Defendant provided no evidence supporting the circumstances warranting the award of $200 subsequent penalties.

Moreover, Plaintiff does *not* allege that she was underpaid each pay period during her employment with Defendant. Complaint at ¶¶ 22-23. Defendant cannot simply assume Plaintiff is owed the maximum amount of penalties for each pay period. *Barajas v. CPC Logistics Solutions, LLC*, 2022 WL 4397723, at *4 (N.D. Cal. Sept. 23, 2022) (the court rejected use of 100% violation rate for waiting time penalty claim because it was "unsupported by the allegations made, the types of claims at issue, and the evidentiary submissions by defendants.")

Notably, Defendant improperly allocated **$5,956** to penalties pursuant to L.C. 203 for its failures to pay wages upon separation. ECF No. 1, ¶ 27 (a). The function of a PAGA action is to collect **civil, not statutory, penalties** on behalf of the State of California for underlying Labor Code violations. *Arias v. Superior Court*, 46 Cal.4th 969, 987 (2009). PAGA claim is derivative. *Price v. Starbucks*, 192 Cal.App.4th 1136, 1147 (2011). Therefore, under PAGA, employees can't recover waiting time penalties for 30 days' wages if the employer has paid all wages due upon termination. Plaintiff did not allege waiting time penalties as a separate cause of action and did not seek the statutory penalties resulting from Defendant's failure to pay wage upon termination. Thus, Defendant's calculations of penalties are incorrect. However, Plaintiff sought PAGA civil penalties for Defendant's failure to pay wages upon termination pursuant to L.C. 2699.5(a) which amount to **$100.**

In sum, the total amount for maximum penalties owed to Plaintiff, assuming 100% violation, equals $12,303.77:

| Type of Damages | Amount of Controversy Calculated by Defendant | Amount of Controversy Calculated by Plaintiff |
|---|---|---|
| Unpaid Min. Wages | $2,200 | $1,900 |
| Unpaid OT Wages | $2,200 | $1,900 |
| Sick Pay | $2,200 | $1,900 |
| L.C. 2802 | $2,200 | $1,900 |
| Derivative Claims | $12,906 | $4,350 |
| Attorney's Fees | $75,000+ | **$353.77** |
| Total | **$96,706+** | **$12,303.77** |

**G. Under the anti-aggregation principles, the total PAGA penalties may be reduced by 65% (because 65% of those damages belong to the LWDA).**

PAGA penalties recovered were previously split with the 25% of the recovery payable to the aggrieved employees, and the remaining 75% payable to the State of California. Under the PAGA amendment which took effect on June 19, 2024 this division was changed to 35% payable to the employees and 65% payable to the State of California via the LWDA. *See* Labor Code sec. 2699(m) (as amended). Here, the amount in controversy is well below $75,000 based on the above, but the Court may also reduce the amount in controversy for the PAGA damages alleged by 65%, because that amount belongs not to Plaintiff, but rather to the LWDA. *Becerra-Zamora v. Gruma Corp.*, Case No. 24-CV-01076-WHO (N.D. Cal, July 8, 2024), written by the Hon. William H. Orrick, provides a fair reading of the current state of the law. As stated therein:

> District Courts in California are split concerning whether *Urbino* requires disaggregating the LWDA's portion of the penalties from the individual plaintiff's in calculating the amount in controversy. *Compare, e.g., Steenhuyse v. UBS Fin. Servs., Inc.,* 317 F. Supp. 3d

1062, 1069 (N.D. Cal. 2018) (holding that the state's 75 percent share should not be aggregated with an individual plaintiff's 25 percent share); *Adame v. Comtrak Logistics, Inc.*, 2016 WL 1389754, at *5-6 (C.D. Cal. Apr. 7, 2016) (same); *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535 (C.D. Cal. Mar. 24, 2015) (same); *Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) (same); *with, e.g.*, *Mitchell v. Grubhub Inc.*, 2015 WL 5096420, at *5-6 (C.D. Cal. Aug. 28, 2015) (holding that the state's 75 percent share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); *Patel v. Nike Retail Servs., Inc.,* 58 F. Supp. 3d 1032 (N.D. Cal. 2014) (same). Defendants rely on the decision in *Patel,* 58 F. Supp. 3d at 1032, where the court explained that because the employer owes an obligation to both the plaintiff and LWDA to obey the Labor Code, each violation of the Labor Code should be treated as a single penalty obligation to both the plaintiff and LWDA "at the same time and in the same way." Id. at 1048.

More recent decisions in this District reach a different conclusion. The court in *Steenhuyse* rejected *Patel* and held that "the 75 [percent] share of any PAGA recovery to be paid to the LWDA should not be aggregated with plaintiff's 25 [percent] share to establish the amount in controversy threshold." 317 F. Supp. 3d at 1069. *See also Nacarino v. Prime Now, LLC*, No. 20-CV-2099 YGR, 2020 WL 2309875, at *1 (N.D. Cal. May 8, 2020) ("Defendants further overstated the amount in controversy by including 100 [percent] of the potential penalties under PAGA, whereas the statute limits plaintiff to 25 [percent] of those penalties, requiring 75 [percent] be distributed to the LWDA"); *Porter v. Equinox Holdings, Inc., No*. 19-CV-02426-SK, 2019 WL 1320200, at *2 (N.D. Cal., July 9, 2019) ("[T]he majority of courts have concluded that Urbino `support[s] the conclusion that the 75 [percent] share of any PAGA recovery to be paid to the LWDA should not be aggregated with the plaintiff's 25 [percent] share to establish the amount in controversy threshold.'").

I agree with the *Steenhuyse* line of cases that the 75 percent share of any PAGA recovery to be paid to the LWDA should not be aggregated under *Urbino*. At most, 25 percent of defendants' estimate — whether based on their overstated $77,900 estimate or a lesser amount — may be attributed to the amount in controversy.

Indeed, the anti-aggregation rule applies to ensure that diversity jurisdiction is limited to those situations where truly only $75,000 is in controversy in the individual dispute. Though not required for remand, as the other grounds stated are sufficient, reducing the PAGA penalties by the 65% payable to the LWDA brings the amount in controversy even lower, well beyond the jurisdictional minimum for diversity jurisdiction.

## V. CONCLUSION

Under 28 U.S.C. § 1441(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Higginbotham*, the defendant removed the case and asked the Court to attribute fees to the named plaintiff alone to get over the $75,000 diversity jurisdiction hurdle, without doing the pro rata analysis required by *Urbino, Canela*, and *Gibson*. The Court concluded this was improper "in light of on-point, controlling authority" and noted "where no objectively reasonable basis exists, fees should be awarded." *Higginbotham*, No. 2:20-cv-00575-KJM-DB (E.D. Cal. Sept. 15, 2020).

Plaintiff does <u>not</u> seek attorneys' fees in connection with this motion but simply asks for a quick remand process so that additional time and expense are not incurred on this jurisdictional issue.

Dated: April 14, 2025         ***Ferraro Vega Employment Lawyers, Inc.***

<u>s/ Dorota A. James</u>
Dorota A. James
Attorneys for Plaintiff Delainya Bell
E-mail: dorota@ferrarovega.com