UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINYA BELL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>DEVRY UNIVERSITY, INC., et al.,<br><br>Defendants. | Case No.: 25-cv-595-RSH-BLM<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 9] |

Before the Court is a motion to remand filed by Plaintiff Delainya Bell. ECF No. 9. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants Plaintiff's motion.

I.  **BACKGROUND**

   A.  **Plaintiff's Allegations**

The instant case is a representative California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, action filed against Defendant DeVry University ("DeVry"). Plaintiff's Complaint alleges as follows.

1

Plaintiff worked as an Admissions Advisor for Defendant from October 2023 to August 2024. ECF No. 1-4, Ex. A ("Compl.") ¶ 11. Plaintiff alleges Defendant failed to accurately track the hours she and other aggrieved employees worked, instead improperly implementing a non-neutral rounding policy that resulted in unpaid minimum and overtime wages and insufficient credit for accrued sick leave. *Id.* ¶¶ 18–28. As a result, Defendant also allegedly failed to provide Plaintiff and other aggrieved employees with accurate wage statements. *Id.* ¶¶ 33–36. Finally, Plaintiff claims that she and other aggrieved employees incurred unreimbursed costs related to being required to work from home. *Id.* ¶¶ 29–32.

### B. Procedural Background

On January 23, 2025, Plaintiff initiated the instant representative PAGA action in San Diego Superior Court. *See* Compl. The Complaint asserts a single claim under PAGA and alleges violations of the California Labor Code for: (1) failure to pay all wages owed (Labor Code §§ 1194, 1197, 1198) ; (2) failure to pay overtime (Labor Code §§ 510, 1194, 1198); (3) unpaid sick leave (Labor Code §§ 246–248.7); (4) untimely payment of wages during employment (Labor Code §§ 204, 204b, 210); (5) untimely payment of wages upon separation of employment (Labor Code §§ 201, 202, 203, 256); (6) non-compliant wage statements (Labor Code §§ 226, 226.3); (7) unreimbursed employee expenses (Labor Code §§ 2802, 2804); and (8) failure to maintain accurate records (Labor Code § 1174). *Id.* ¶ 49.

On March 13, 2025, Defendant removed the case to this Court based on diversity jurisdiction. ECF No. 1. On April 14, 2025, Plaintiff filed the instant motion to remand. ECF No. 9. Defendant filed a response and Plaintiff filed a reply. ECF Nos. 13; 16.

## II.  LEGAL STANDARD

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C.S. § 1441, "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U. S. C. § 1441(a). "[R]emovability is generally determined as of the time of the petition for removal[.]" *Local Union 598,*

*Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

Federal courts have original jurisdiction where an action presents a federal question or there is diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. "Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 965 F.3d 694, 698 (9th Cir. 2020). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (internal quotation marks omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

### A.   Amount in Controversy

In this case, the Parties do not dispute that the requirement of complete diversity of citizenship has been met. *See* ECF Nos. 9-1; 13; 16. Instead, they focus on whether the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

#### 1.   PAGA, Generally

"PAGA authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). Under PAGA, "[t]hough [California's] Labor and Workforce Development Agency ('LWDA') retain[s] primacy over private enforcement efforts, under PAGA, if the LWDA declines to investigate or issue a citation for an alleged labor code violation, an aggrieved employee may commence a civil action on behalf of himself or herself and other current or former employees against his or her employer." *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1121 (9th Cir. 2013) (internal quotation marks omitted); *see* Cal. Lab. Code § 2699(a); *see also Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 582 (9th Cir. 2022) ("[F]ollowing the enactment of

PAGA in 2004, employees may stand in the shoes of the Labor Commissioner and recover civil penalties for Labor Code violations.").

"If the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 25% of the civil penalties recovered while the LWDA is entitled to 75%." *Urbino*, 726 F.3d at 1121 (citing Cal. Lab. Code § 2699(i)). "Under PAGA, employees may also seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation." *Becerra-Zamora v. Gruma Corp.*, No. 24-CV-01076-WHO, 2024 WL 3338353, at *2 (N.D. Cal. July 8, 2024) (citing Cal. Lab. Code § 2699(f)(2)). Under California Labor Code § 2699, "[a]ny employee who prevails" in a PAGA action "shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699 (k)(1); see *Gunther v. Alaska Airlines, Inc.*, 72 Cal. App. 5th 334, 357 (Ct. App. 2021).

    2.    *Amount in Controversy*

In its Notice of Removal, Defendant asserts the total amount in controversy in this case is at least $96,706, comprising: (1) $2,200 in penalties for unpaid minimum wages; (2) $2,200 in penalties for unpaid overtime wages; (3) $2,200 in penalties for sick leave violations; (4) $2,200 in penalties for unreimbursed expenses; (5) $12,906 in penalties for Plaintiff's derivative claims; and (6) more than $75,000 in attorneys' fees. ECF No. 1 ¶¶ 20–31.

In support, Defendant asserts Plaintiff was employed from October 2023 to August 2024 at an hourly rate of $24.82 and paid on a bi-weekly basis—amounting to 44 workweeks and 22 pay periods. *Id.* ¶ 19. Defendant then calculates the amount of penalties for each category of labor code violation—namely unpaid minimum wages, unpaid overtime wages, sick leave violations, and unreimbursed expenses—at $100 per pay period for each of the 22 pay periods, amounting to a total of $2,200. *Id.* ¶¶ 21–25.

Defendant next calculates the value of Plaintiff's derivative claims as $12,906 based on the total of: (1) $5,956 in penalties for failure to timely pay wages upon separation of employment (calculated by multiplying Plaintiff's hourly rate of $24.82 by 8 hours and 30 days); (2) $2,150 in penalties for wage statement violations ($50 for the initial violation

and $100 for each of the subsequent 21 violations); (3) $500 in penalties for failure to maintain accurate employment records pursuant to Labor Code § 1174.5; and (4) $4,300 in penalties for failure to timely pay wages during employment ($100 for the initial violation and $200 for each of the subsequent 21 violations). *Id.* ¶ 27.

Finally, Defendant argues it is reasonable to assume Plaintiff's attorneys' fees to litigate this case through trial will far exceed $75,000—as $75,000 would merely comprise 250 hours of billable attorney time at $300 per hour. *Id.* ¶ 29.

Plaintiff contends Defendant's calculation of the amount in controversy is flawed for three reasons. First, Plaintiff contends that it is improper for Defendant to attribute the full amount of her individual attorneys' fees to the amount of controversy, rather than allocating a pro rata share based on the total number of aggrieved employees. ECF No. 9-1 at 7–11. Second, Plaintiff argues Defendant based its calculation on a false premise regarding the number of pay periods. *Id.* at 12. Finally, Plaintiff contends Defendant's calculations assume incorrectly that Plaintiff is owed the maximum amount of penalties for each pay period and further incorrectly calculates waiting time penalties. *Id.* at 12–13.

   3. *Attorneys' Fees*

Plaintiff first argues that it is improper for Defendant to include the entirety of her individual attorneys' fees to calculate the amount in controversy, and that any attorneys' fees should instead be apportioned on a pro rata basis among all aggrieved employees. ECF No. 9-1 at 7–11. Under Defendant's calculation, the amount of attorneys' fees in this issue amounts to a minimum of $75,000. ECF No. 1 ¶ 29. In contrast, Plaintiff contends her *pro rata* share of attorneys' fees in this case is only $353.77. ECF No. 9-1 at 10–11.

The Court agrees that only Plaintiff's *pro rata* share of attorneys' fees should be considered for amount in controversy purposes. The Ninth Circuit's decisions in *Urbino v. Orkin Services of California* and *Canela v. Costco Wholesale Corporation* are instructive. In *Urbino*, the plaintiff brought a representative PAGA action in state court alleging meal period violations, failure to pay overtime and vacation wages, and inaccurate itemized wage statements. 726 F.3d at 1121. The defendants removed the case to federal court,

submitting evidence the alleged labor code violations involved 811 employees and 17,182 pay checks. *Id.* If aggregated, the possible civil penalties that could be imposed against the defendants would exceed $9,000,000. *Id.* at 1121. In contrast, without aggregation, the named plaintiff's claims would only amount to $11,602.40. *Id.* The Ninth Circuit concluded the district court lacked diversity jurisdiction, holding that potential PAGA penalties against an employer cannot be aggregated to meet the amount in controversy requirement set forth under 28 U.S.C. § 1332(a). *Id.* at 1122.

Similarly, in *Canela*, the plaintiff worked as a greeter and exit checker at two warehouses in California. 965 F.3d at 696. The plaintiff alleged she and other aggrieved employees were not provided with suitable seating in violation of the California Labor Code—asserting a PAGA claim. *Id.* In its Notice of Removal, the defendant contended the action would encompass 968 employees collectively seeking $5,324,000 in civil penalties and $1,064,800 in attorneys' fees. *Id.* at 698. Citing *Urbino*, the Ninth Circuit held the district court lacked diversity jurisdiction at the time of removal because plaintiff's "pro-rata share of civil penalties, including attorney's fees, totaled $6,600 at the time of removal, and the claims of *other* member service employees may not be aggregated[.]" *Id.* (first emphasis added).

In light of this precedent, multiple courts in the Ninth Circuit have prohibited the aggregation of attorneys' fees in PAGA actions when determining whether the amount in controversy has been met. *See Butt v. 9W Halo W. Opco, L.P.*, No. 2:22-CV-02012 WBS AC, 2023 WL 196472, at *3 (E.D. Cal. Jan. 17, 2023) ("Only plaintiff's pro rata share of attorneys' fees is appropriately considered."); *Harp v. California Cemetery & Funeral Servs., LLC*, No. 121CV01118JLTBAK, 2022 WL 1658716, at *3 (E.D. Cal. May 25, 2022) ("[C]ourts may only consider the pro rata share of attorney's fees attributable to each plaintiff in determining whether the amount in controversy is met."); *Higginbotham v. S. E. Emp. Leasing Servs., Inc.*, No. 2:20-CV-00575-KJM-DB, 2020 WL 5535421, at *4 (E.D. Cal. Sept. 15, 2020) ("In PAGA actions, only the named plaintiff-employees' pro rata share of attorneys' fees is considered."); *Mutchler on behalf of California v. Circle K*

*Stores, Inc.*, No. 20CV1239-GPC(BGS), 2020 WL 5511985, at *3 (S.D. Cal. Sept. 14, 2020) (under *Canela*, in a PAGA action, "attorneys' fees may not be aggregated in calculating the $75,000 amount in controversy."); *Arrellano v. Optum Med. Grp.*, No. CV 18-6093-DMG (ASX), 2019 WL 247220, at *4 (C.D. Cal. Jan. 17, 2019) (holding that in PAGA cases, in determining amount in controversy, an attorneys' fees calculation "must be reduced to reflect only Plaintiff's *pro rata* share of those fees."); *Madison v. U.S. Bancorp*, No. C-14-4934-EMC, 2015 WL 355984, at *3 (N.D. Cal. Jan. 27, 2015) ("[T]he amount of attorneys' fees likely to be recovered in a PAGA action should be distributed *pro rata* to all aggrieved employees the named plaintiff seeks to represent.") (internal quotation marks omitted); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014) ("When the rule is that claims are not aggregated . . . as it is now for PAGA actions under *Urbino*[], it would seriously undermine the [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy.") (internal quotation marks omitted).

   Defendant does not dispute Plaintiff's calculation of her pro rata share of attorneys' fees would only equal $353.77. Instead, Defendant argues it is proper to allocate the $75,000 plus in attorneys' fees to Plaintiff solely in light of recent changes to PAGA. ECF No. 13 at 9. Specifically, Plaintiff cites a July 1, 2024 amendment, whereby a named plaintiff in a PAGA action must now have "personally suffered *each* of the violations alleged[.]" Cal. Lab. Code § 2699(c)(1). In contrast, in prior versions of the Labor Code, "[e]mployees who were subjected to at least one unlawful practice have standing to serve as PAGA representatives even if they did not personally experience each and every alleged violation." *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 85 (2020). Apart from citing this amendment, however, Defendant does not explain or provide any legal authority explaining how the amendment supports allocating all of the attorneys' fees to Plaintiff individually. *See* ECF No. 13; *Ortiz v. Pacific*, 973 F. Supp. 2d 1162, 1185 (E.D. Cal. 2013) ("It is not the Court's role to make arguments for any party.").

///

For these reasons, the Court holds Defendant has not met its burden in this case to demonstrate that the amount in controversy meet the $75,000 jurisdictional requirement.[1]

### B.   Consolidation

Defendant next contends that the Court possesses jurisdiction over this case because the instant case should be consolidated with the *DeVry I* action and that the amount in controversy (when the *DeVry I* action and the instant one are combined) exceeds the jurisdictional amount in controversy. ECF No. 13 at 9–11. In light of the Court's remand of *DeVry I* for lack of subject matter jurisdiction, the Court concludes this argument is moot.

### IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the Superior Court of California, County of San Diego.

The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: May 21, 2025

_____
Hon. Robert S. Huie
United States District Judge

---

[1] As Defendant's calculation of the amount in controversy relies primarily on Plaintiff's attorney's fees, the Court declines to consider Plaintiff's remaining arguments challenging this calculation.